LDECUIR, Judge.
Ruby Lebato filed suit against Marcus Hudson and his insurer, Safeway Insurance Company, for damages sustained in an automobile accident. Judgment was rendered in favor of Lebato and against Safeway and Hudson, in solido, in the amount of $30,066.33, with interest from the date of judicial demand. Lebato’s uninsured motorist carrier, Allstate Insurance Company, settled with Lebato before trial and is no longer a party to this litigation. Safeway and Hudson have appealed the ruling of the trial court. For the following reasons, we affirm in part and reverse in part, and amend.
The accident took place on a rainy afternoon in February, 2000. Lebato was in the center turning lane of Highway 28 in Pineville waiting to make a left turn when she was rear-ended by Hudson. The impact was significant, breaking the windows of her 1989 Oldsmobile Cutlass, dislodging the seats, bending the frame, and rendering the vehicle immobile and a total loss. Both at the time of the accident and in his testimony at trial, Hudson admitted he was at fault in causing the accident.
Lebato, who at the time of the accident, was an active, sixty-three-year-old homemaker, was transported by ambulance to Rapides Regional Hospital where she was treated and released with medication and instructions to follow-up with a physician. She then saw Dr. Robert Rush, an occupational medicine specialist. He diagnosed cervical and lumbar strains as well as sacroiliac strain, which resulted in pain in *448 the left hip. He treated her for two months for inflammation, pain, and tightness in her muscles, prescribing both physical therapy and medications for her symptoms. Dr. Rush described Lebato’s course of treatment as typical for her injuries; the cervical injury resolved first, then the lumbar injury, while the sacroiliac symptoms lingered for a while and then caused occasional flare-ups of pain. Dr. Rush considered Lebato to be truthful concerning her condition, and he commented that her |¡,two months of home exercises after medical release were much better than what most patients would do.
Lebato’s testimony revealed her to be a hard-working woman who has taken care of her home and her large yard all of her life. She has volunteer duties for her church and works every election day as an election commissioner. Her husband is disabled. After the accident, Lebato was unable to mow her grass or otherwise work in her yard and missed working as a commissioner on two election days. She also missed going to church for a few weeks. Lebato described the emotional difficulties she experienced after the accident, including depression, sleeplessness, and frustration in dealing with the insurance company. Additionally, the car totaled in the accident originally belonged to Lebato’s recently deceased mother, a fact which added to the trauma of the ordeal.
A week after the accident, Safeway informed Lebato that the car was declared a total loss. However, a dispute then arose over the transfer of title to the car and actual payment for the loss. Lebato wanted to complete the transaction in person, while Safeway insisted Lebato mail in the paperwork before a check would be sent to her. Additionally, Safeway told Lebato she could get a rental car for a week, but Lebato declined the offer when she was told she would have to pay for it up front. Consequently, as of the time of trial, Safeway had paid nothing on this claim. Leba-to took money from a savings account to purchase a used car nine weeks after the accident.
After a one-day bench trial, the court awarded the following amounts as damages: property damage — $3,345.30, medical expenses — $3,521.03, lost wages— $200.00, loss of use — $1,500.00, loss of enjoyment of life — $1,500.00, and general damages — $20,000.00. The trial court assessed solidary liability and awarded legal [.■¡interest on the full amount of the judgment from the date of judicial demand. In this appeal, Safeway and Hudson contend the assessment of solidary liability and interest from the date of judicial demand was improper. They also contest the loss of use, loss of enjoyment of life, and general damage awards. Additionally, they assert that Hudson is entitled to a credit for the amount of the plaintiffs settlement with Allstate for uninsured/underinsured motorist benefits.
The trial court decreed that Safeway and Hudson are solidarity liable for the full amount of Lebato’s damages, in spite of the Safeway policy’s per person liability limits of $10,000.00. Lebato agrees with the defendant’s position on this issue and concedes the trial court erred in holding them solidarity liable for her damages. In Carrier v. Nobel Ins. Co, 01-983, p. 12 (La.App. 3 Cir. 2/6/02), 817 So.2d 126, 135, we reiterated the general rule that when “a policy has specific language limiting the liability of the insurer, the insurer may only be found to be soli-darily liable up to the policy limits.” Accordingly, we find Safeway to be solidarily liable with Hudson only up to its policy limits.
Safeway argues the trial court also erred in holding it liable for legal interest on the entire judgment from the date of *449 judicial demand until paid, in contravention of the terms of its policy. The applicable provision of the Safeway policy reads as follows:
Supplementary Payments. To pay, in addition to the applicable limits of liability:
(a) all expenses incurred by the Company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company’s liability thereon.
1 ¿While La.R.S. 13:4203 requires liability insurers to pay legal interest on judgments within their policy limits from the date of judicial demand, Louisiana jurisprudence allows insurers to reduce, exclude, or extend their interest liability on excess judgments. Martin v. Champion Ins. Co., 95-0030 (La.6/30/95), 656 So.2d 991. Consequently, in accordance with the terms of the Safeway policy, Safeway is hable for legal interest on that portion of the judgment which exceeds its policy limits only from the date of judgment.
We turn now to the defendants’ complaints concerning the amount of damages awarded by the trial court. On the question of loss of use, the court awarded $1,500.00. Lebato’s vehicle was declared a total loss a week after the accident, and after looking for a similar vehicle, she purchased a replacement two months later with her own funds. The defendants contend the amount awarded is excessive. They argue that Lebato should be compensated for the time period she was without a vehicle, but that period must be reasonable. They suggest a period of thirty days is a reasonable time to find a replacement vehicle, and, at $25.00 to $30.00 per day, an appropriate award would be less than $1,000.00. Lebato asked the trial court for an award of $30.00 per day for seventy days, an amount in excess of $2,000.00. The evidence in the record reveals no abuse of discretion in the trial court’s lump sum award of $1,500.00.
Safeway and Hudson also complain that the general damage award of $20,000.00 and the $1,500.00 award for loss of enjoyment of life are both excessive. The record shows Lebato was under a doctor’s care for two months, participated in physical therapy during that time, and continued with exercises at home for another two months. She suffered from pain, muscle spasm, sleep disturbances, and depression. The trauma of the accident included a severe impact, transportation by ^ambulance, loss of her mother’s car, and difficult, frustrating, and ultimately unsuccessful dealings with an insurance adjustor. The evidence presented at trial revealed Lebato to be a very active, self-reliant, industrious woman, the very traits that undoubtedly contributed to her quick recovery. The trial court was obviously impressed with Lebato’s sincerity and the extent of her suffering. While the loss of enjoyment of life and general damage awards are certainly generous, we cannot say that they constitute an abuse of discretion. In affirming these awards,- we rely on the principles set forth by the supreme court in Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993):
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard *450 v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
[[Image here]]
When these and other factors are properly considered under the standards discussed above, we cannot say that the trial judge abused his discretion in fixing the generous awards of general damages. The awards are not obviously the result of passion or prejudice, and they bear a reasonable relationship to the elements of the proved damages. Many rational triers of fact could have decided that a lower award is more appropriate, but we cannot conclude from the entirety of the evidence in this record, viewed in the light most favorable to the prevailing party in the trial court, that a rational trier of fact could not have fixed the awards of general damages at the level set by the trial judge or that this is one of those “exceptional cases where such awards are so gross as to be contrary to right reason.” Bartholomew v. CNG Producing Co., 832 F.2d 326 (5th Cir.1987).
| fiThe final issue raised by the defendants is whether the tortfeasor, Hudson, is entitled to a credit reflecting the pre-trial settlement between Lebato and her UM insurer. While the record contains evidence that a settlement was reached, there is no evidence of the amount of the settlement or the terms and limits of the Allstate policy. Additionally, neither Safeway nor Hudson sought a credit for the amount of the settlement prior to judgment; the issue was first raised in a supplemental memorandum submitted in support of a motion for new trial. The defendants presented absolutely no evidence on this issue; hence, the matter is not properly before us and the judgment against Hudson is final.
For the foregoing reasons, the judgment of the trial court is reversed insofar as it holds Safeway solidarity liable for that portion of the judgment in excess of its policy limits; we hold Safeway solidarily hable only up to its policy limits. Furthermore, we amend the award of legal interest to reflect interest from the date of judgment on that portion in excess of Safeway’s policy limits, and we leave intact the award of interest from the date of judicial demand on that portion within the limits of the policy. In all other respects, the judgment before us is affirmed.
. Costs of this appeal are assessed equally to Ruby Lebato and the defendants.
REVERSED IN PART, AFFIRMED IN PART, AND AMENDED.