STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1615

LEON CLAYTON AND SHAGREKIA CLAYTON

VERSUS

REPUBLIC VANGUARD INSURANCE COMPANY, ET AL.

**********
APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 40,397
HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE
**********

**GLENN B. GREMILLION**
**JUDGE**

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED.**

**Silas O'Neal, Jr.**
**630 Lee St.**
**Alexandria, LA 71301**
**(318) 487-8787**
**Counsel for Plaintiffs/Appellees:**
    **Leon Clayton**
    **Shagrekia Clayton**

**S. Aaron Siebeneicher**
**Johnson & Siebeneicher, Inc.**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**Counsel for Defendants/Appellants:**
    **Republic Vanguard Insurance Company**
    **Gregory Lynn Melancon**
    **Tommy Russell Trucking, Inc.**

GREMILLION, Judge.

The defendants, Republic Vanguard Insurance Company, Gregory Lynn Melancon, and Tommy Russell Trucking, Inc., appeal the judgment of the Pineville City Court in favor of the plaintiffs, Leon and Shagrekia Clayton, for damages resulting from an automobile accident. For the following reasons, we amend the judgment to reduce the award of general and loss of consortium damages.

## FACTS

Leon was injured in an automobile accident which occurred on November 20, 2003, when Melancon attempted to pass him on the right shoulder of Louisiana Highway 107. While Melancon was executing the passing maneuver, Leon attempted to turn right onto Stelly Road, with the resulting impact. As a result of this accident, the Claytons filed suit in Pineville City Court against Melancon, Tommy Russell Trucking (the owner of the truck), and its insurer, Republic Vanguard (referred to collectively as Republic). The matter proceeded to trial, after which the trial court rendered a judgment in favor of the Claytons awarding Leon $22,500 in general damages and Shagrekia $5000 for loss of consortium, as well as special damages of $1,937.39. The defendants appeal suspensively from this judgment.

## ISSUE

On appeal, Republic raises only one assignment of error. It argues that the trial court erred in awarding excessive general and consortium damages based on the evidence before it.

1

## DAMAGES

A trial court's award of damages is reviewed in light of the standard set forth in *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). First, we must determine if the trial court's award for the particular injury and its effect under the particular circumstances on this plaintiff is a clear abuse of the trial court's "much discretion." *Id.* at 1260. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Id.* at 1261.

> The elements of a loss of consortium claim are loss of society, sex, service, and support. Society includes general love, companionship, and affection that the spouse loses as a result of the injury. "Support" is the lost family income that would go to support the uninjured spouse. "Service" is the uncompensated work around the house or educational help with the children which will, as a result of the injury, have to be obtained from another source and at some price. *Broussard v. Romero*, 96-973 (La.App. 3 Cir. 2/26/97), 691 So.2d 1265, *writ denied*, 97-670 (La.4/25/97), 692 So.2d 1092.

*Lawson v. Mitsubishi Motor Sales of America, Inc.*, 04-839, p. 22 (La.App. 3 Cir. 12/29/04), 896 So.2d 149, 163, *writ granted*, 05-257 (La. 4/29/05), 901 So.2d 1044.

After reviewing the record in its entirety, we find that the trial court abused its discretion by awarding $22,500 in general damages to Leon and $5000 in loss of consortium damages to Shagrekia. The record reveals little evidence as to either the injuries suffered by Leon or the loss of consortium suffered by Shagrekia. It reveals that Leon suffered a soft tissue injury to his lower back for which he was evaluated by Dr. Stella Gwandiku at the Rapha Medical & Therapeutic Clinic in

2

Alexandria, Louisiana, on November 24, 2003. Afterwards, he underwent physical therapy eleven times between November 24, 2003 through January 14, 2004. He said that he stopped seeing Dr. Gwandiku due to a lack of money. Although still experiencing problems at the time of trial, he testified that he treated his pain with ice packs, hot showers, Aleve, and massages by his wife.

After the accident, Leon stated that he was unable to mow his yard, vacuum his home, or wash his cars. He testified that he could no longer play ball with his son or ride with or help his daughter ride her bicycle. He described his relationship with Shagrekia as kind of distant as a result of depression and said that their sexual relationship had lessened as a result. He denied seeking counseling because of these problems, but did state that he and his wife spoke to their preacher, who was his father.

Shagrekia's testimony echoed that given by Leon. She further agreed that their relationship had changed due to pressure from him not wanting to have sex. Also, although she stated in her deposition that they had not sought counseling from a preacher, she now stated that they had talked to Leon's father, who was their preacher. She denied seeking counseling from any other source. However, both she and Leon testified that they still loved each other and were able to work through their problems.

After reviewing this evidence, we find that the trial court abused its discretion in its award of damages. Under the circumstances, we find that an award of $15,000 is the most that a reasonable trier of fact could have awarded for a soft tissue injury which had mostly resolved after a month and a half. Although the

3

Claytons point out that we affirmed an award of $20,000 in *Lebato v. Safeway Insurance Co.*, 03-131 (La.App. 3 Cir. 6/4/03), 852 So.2d 446, we find that case distinguishable from the one at issue. In *Lebato*, the plaintiff suffered cervical and lumbar strains, as well as a sacroiliac strain, for which she underwent two months of treatment, followed up by two months of home exercises. Although we felt that the general damage award was generous, we found no abuse of discretion as the evidence in the record supported the award.

Here, we find a dearth of evidence on the general damages suffered by Leon. The evidence revealed that he suffered lower back pain and still suffered some pain at the time of the trial, but does not reveal the type, duration, or amount of pain suffered by him. Thus, it simply does not support an award of $22,500. Accordingly, the trial court's award of general damages is amended from $22,500 to $15,000.

As to the $5,000 loss of consortium award to Shagrekia, we find that this too is an abuse of the trial court's much discretion. Based on the evidence, that Leon can no longer mow the grass, vacuum, help with the children, and that there is a vague lessening of their sexual relationship, we find that $1,500 is the most that a reasonable trier of fact would award. The judgment of the trial court is amended to reduce the loss of consortium damages to this amount.

## CONCLUSION

For the forgoing reasons, the judgment of the trial court is amended to reduce the general damage award from $22,500 to $15,000 and the loss of consortium award from $5,000 to $1,500. The costs of this appeal are assessed to the plaintiffs-appellees, Leon and Shagrekia Clayton.

**AFFIRMED AS AMENDED.**