STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-1515


BETTY AUGUSTINE, ET VIR.

VERSUS

SAFECO NATIONAL INS. CO., ET AL.


**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2007-0540-B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders and Jimmie C. Peters, Judges.

**AFFIRMED IN PART, REVERSED IN PART.**


Anthony Marlyn Butler
Attorney at Law
4041 Essen Lane, Suite 201
Baton Rouge, LA 70809
Counsel for Defendant Appellant:
General Ins. Co. of America
SAFECO National Ins. Co.

Janice M. Reeves
Attorney at Law
8545 United Plaza Blvd., #350
Baton Rouge, LA 70809
Counsel for Defendant Appellant:
General Ins. Co. of America
Cecil R. Bunn
S Aaron Siebeneicher

**Johnson & Siebeneicher**
**P. O. Box 648**
**Alexandria, LA 71309**
**(318) 484-3911**
**Counsel for Defendant Appellant:**
**State Farm Mutual Auto Ins. Co.**

**Stephen Dale Cronin**
**Guglielmo, Marks, Schutte, Terhoeve & Love**
**320 Somerulos Street**
**Baton Rouge, LA 70821**
**(225) 387-6966**
**Counsel for Defendants/Appellants:**
**General Ins. Co. of America**
**SAFECO National Ins. Co.**
**Cecil R. Bunn**

**Jerold Edward Knoll**
**The Knoll Law Firm**
**P. O. Box 426**
**Marksville, LA 71351-0426**
**(318) 253-6200**
**Counsel for Plaintiffs/Appellees:**
**Betty Augustine**
**John Augustine**

**SAUNDERS, Judge.**

This is a personal injury case where the defendants appeal the trial court's grant of the plaintiffs' motion for judgment not withstanding the verdict (JNOV) and its subsequent award of future medical expenses, future pain and suffering, future mental anguish, and future loss of earnings, along with increasing damages awarded for past pain and suffering, past mental anguish, loss of enjoyment of life, and loss of consortium.

For the following reasons, we affirm the trial court's grant of the JNOV and the trial court's subsequent award of increased damages for past pain and suffering, future pain and suffering, past mental anguish, future mental anguish, and loss of enjoyment of life. However, we reverse the trial court's grant of the JNOV with respect to future loss of earnings, loss of consortium, and future medical expenses.

**FACTS AND PROCEDURAL HISTORY:**

On April 2, 2007, Betty Augustine was driving in a westerly direction on Tunica Drive in Marksville, Louisiana. Cecil R. Bunn was attempting to enter onto Tunica Drive as he was exiting a private driveway when the two vehicles collided, with Mr. Bunn's vehicle striking Mrs. Augustine's vehicle on its front passenger door. Mrs. Augustine's vehicle was insured by State Farm Mutual Automobile Insurance Company (State Farm). Mr. Bunn's vehicle was insured by Safeco Insurance Company (Safeco). Mrs. Augustine also had a UM policy through State Farm.

On May 8, 2007, Mrs. Augustine, along with her husband, Mr. John Augustine, (collectively "the plaintiffs") filed suit against Mr. Bunn, Safeco, and State Farm (collectively "the defendants") asserting bodily injury on behalf of Mrs. Augustine and a loss of consortium on behalf of Mr. Augustine. The defendants answered the petition and requested a jury trial.

On December 7, 2007, a motion for partial summary judgment was filed by the plaintiffs on the issue of liability, which was granted by the trial court. The matter proceeded to a trial by jury on May 6, 2008. The following award was rendered:

**BETTY AUGUSTINE**

| | |
|---|---|
| Medical expenses to date of trial | $7,822.85 |
| Future medical expenses | $0 |
| Past pain and suffering | $3,000.00 |
| Future pain and suffering | $0 |
| Past mental anguish | $ 750.00 |
| Future mental anguish | $0 |
| Loss of enjoyment of life | $1,000.00 |
| Past lost wages | $1,622.17 |
| Future loss of earnings | $0 |
| Loss of use of automobile | $ 100.00 |
| Unpaid automobile rental expenses | $ 909.13 |
| **Total** | **$15,204.15** |

**JOHN AUGUSTINE**

| | |
|---|---|
| Loss of consortium | $2,000.00 |
| **Total** | **$2,000.00** |

On June 2, 2008, the plaintiffs filed a motion for JNOV. On July 7, 2008, a hearing was held on the motion, with the trial court taking the matter under advisement. On August 2, 2008, the trial court granted the plaintiffs' motion and altered the damage awards as follows:

**BETTY AUGUSTINE**

| | |
|---|---|
| Future medical expenses | $20,000.00 |
| Past pain and suffering | $35,000.00 |
| Future pain and suffering | $10,000.00 |
| Past mental anguish | $5,000.00 |
| Future mental anguish | $2,500.00 |
| Loss of enjoyment of life | $10,000.00 |
| Past lost wages | $1,622.17 |
| Future loss of earnings | $ 500.00 |

**JOHN AUGUSTINE**

| | |
|---|---|
| Loss of consortium | $15,000.00 |

The defendants have appealed the trial court's granting of the JNOV, and further appeal the judgment reached by the trial court, alleging the following total of eight assignments of error:

**STATE FARM'S ASSIGNMENTS OF ERROR:**

1. The Trial Court erred in granting the Plaintiffs' Motion for Judgment Notwithstanding the Verdict on numerous items of damages sought by the Plaintiffs at trial. In granting the Plaintiffs' Motion for JNOV, the Trial Court erred by evaluating the credibility of witnesses, which is in direct contradiction of well establish[ed] jurisprudence concerning the use of a JNOV by the Trial Court.

2. The Trial Court's action of increasing numerous items of damages decided by the jury, including future medicals, was unjustified and excessive given the evidence and testimony presented at trial.

3. The Trial Court's award of increasing the loss of consortium damages to John Augustine was excessive given the lack of evidence presented at trial and reported jurisprudence of similar consortium claims.

**SAFECO'S ASSIGNMENTS OF ERROR:**

1. Because the jury's general damage awards, while low, were within their vast discretion (and not "abusively" low). The trial court's *jnov* increasing the general damage award to Betty Augustine was improper and constitutes legal

error.

2. Because the jury was entitled to refuse to award future medical expenses where the evidence showed the Plaintiff was not going to obtain the recommended surgery, and where there was no evidence of the extent or costs of other proposed future medical treatment, the trial court's *jnov* increasing the future medical expense award to Betty Augustine was improper and constitutes legal error.

3. Because the plaintiffs offered no evidence showing the Plaintiff would suffer a future loss of income/earnings, the trial court's *jnov* increasing the award to Betty Augustine for "future loss of earnings" was improper and constitutes legal error.

4. Because the jury's award to John Augustine for "loss of consortium" was entirely consistent with the jurisprudence of the Louisiana Supreme Court and this Court, the trial court's *jnov* increasing the award to John Augustine for "loss of consortium" was improper and constitutes legal error.

5. Because the trial court's *jnov* on the Plaintiffs' general damage awards (including the award for "loss of consortium" to John Augustine) was based upon credibility determinations, the trial court's *jnov* increasing the general damage award to Betty Augustine (and the award for "loss of consortium" to John Augustine) was improper and constitutes legal error.

**LAW AND DISCUSSION OF THE MERITS:**

The appellants have raised a total of eight assignments of error. However, the issues raised by the defendants can be simplified into the following: given a particular item of the judgment made by the jury and the evidence in the record, was the trial court proper in granting a JNOV, and, if so, was the amount that the trial court granted via JNOV appropriate. As such, we will first discuss the standards for review applicable.

**STANDARD OF REVIEW:**

Our supreme court, in *Anderson v. New Orleans Public Service, Inc.*, 583 So.2d 829, 831 (1991), stated the following:

> A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should

4

be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. *Scott* [*v. Hospital Service District No. 1*, 496 So.2d 270 (La.1986)]. In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.

In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.

Therefore, in the case before us, we will look to each element of the judgment and review whether the grant of the JNOV by the trial court was proper. Then, we will review those items where we find the grant of the JNOV proper to determine whether the amount set by the trial court was appropriate.

**GRANT OF JNOV:**

The appellants contend that the trial court improperly granted the plaintiffs' motion for JNOV with respect to several aspects of quantum, loss of consortium, loss of future earnings, and future medical expenses. For the following reasons, we find no merit to the appellants' contention regarding the aspects of quantum, but find merit in their contention regarding loss of consortium, loss of future earnings, and future medical expenses.

Past Pain and Suffering:

The appellate court, in determining whether the trial court erred in granting the JNOV as to quantum, once again uses the criteria set

5

forth in *Scott*, [496 So.2d 270], i.e., could reasonable men in the exercise of impartial judgment differ as to the fact that the jury award was either abusively high or abusively low. If the answer is in the affirmative, then the trial court erred in granting the JNOV, and the jury's damage award should be reinstated. On the other hand, if the answer is in the negative, then the trial court properly granted the JNOV, and its damage award based on its independent assessment of the damages is the judgment of the trial court which is reviewed on appeal under the constraints of *Coco*, [*v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976)].

*Id.* at 834.

In the case before us, the jury awarded Mrs. Augustine $3,000.00 for past pain and suffering. The record before us indicates that the defendants did not offer any evidence to controvert the injuries and medical treatment undergone by Mrs. Augustine. The medical records show that she had no prior problems with her neck, shoulder, low back, left knee, left thigh, or left hip before the accident. Further, she had no prior psychological problems or anxiety. On the day of the accident, Mrs. Augustine was treated in the Avoyelles Hospital emergency room and later followed up with Dr. Darron McCann, Avoyelles Open MRI, Dr. John Cobb, and Lemoine Physical Therapy Clinic. Her treatment went from April 2, 2007, to May 2, 2008.

Dr. McCann's testimony was that he found subjective and objective evidence of physical injury, specifically Mrs. Augustine's neck, shoulder, low back, left knee, left hip, and left thigh. She suffered pain in her neck, shoulder, and low back from the date of the accident until October 1, 2007, a period of six months. This pain was corroborated with both subjective and objective evidence. Moreover, Dr. McCann ordered an MRI of her left knee which revealed an internal derangement of the left knee, with a perimeniscal cyst anteriorly and laterally, and an anterior cruciate ligament strain with fraying of the lateral collateral ligament. On April 4, 2007, Dr. McCann found a hematoma on the left thigh that measured ten by seven and a half

6

centimeters and a hematoma on the left knee that measured six by six centimeters. Dr. McCann also testified that Mrs. Augustine had crepidus and swelling of the left knee all the way through the date of trial.

Dr. John Cobb, an orthopaedist, testified that Mrs. Augustine more probably than not had a medial meniscus lesion that was either caused or aggravated as a result of trauma incurred in the accident. Dr. Cobb further testified that she would need a knee scope surgery in order to determine the exact derangement of the left knee and to repair the knee.

Finally, Mrs. Augustine underwent physical therapy from the Lemoine Physical Therapy Clinic through May 2, 2008. This therapy included electrical stimulation, phonophoresis, moist heat, and therapeutic exercise.

We find that the medical testimony and records are so compelling that the only finding a reasonable person, exercising impartial judgment, could make was that the jury's award to Mrs. Augustine of only $3,000.00 for past pain and suffering was abusively low. As such, we find that the trial court properly granted a JNOV on this element of damages.

Future Pain and Suffering:

The jury did not award Mrs. Augustine any amount for her future pain and suffering. The trial court granted a JNOV. We find no error in the trial court's actions.

The following is an excerpt from Mrs. Augustine's testimony:

Q       Okay, now I want you to tell the ladies and gentlemen of the jury what kind of problems you are having today as a result of that accident.

A       Today my, my knee is hurting a whole lot. It is very swollen in comparison to the other knee. I am in constant pain. I have pain everyday. It is not always as bad as it is today. A lot of times when it is cloudy I have excruciating pain and it's something that

7

> was completely altered my life. I get up earlier to take a hot bath. I eat breakfast which I usually didn't eat breakfast but I do that so that I can take the medication that would hurt my stomach if I didn't take it with food. And I wrap my, I rub the ointment and I wrap my knee like I did today or I use othropedic [sp] stockings or something everyday for support.

This is undisputed testimony that Mrs. Augustine suffered some kind of pain as of the day of the trial and would continue suffering pain after the trial. Moreover, Both Dr. McCann and Dr. Cobb testified that Mrs. Augustine should undergo a medical procedure in the future. Regardless of whether she will actually undergo the procedure, this testimony is indicative of at least some future pain and suffering. Accordingly, we find that no reasonable person would find that Mrs. Augustine would not suffer any future pain and suffering. As such, the trial court correctly granted the plaintiffs' motion for JNOV regarding this element of damages.

Past Mental Anguish:

The jury awarded Mrs. Augustine $750.00 for past mental anguish. The trial court granted a JNOV and raised this amount. Again, we find no error in the trial court's actions.

Both Mr. And Mrs. Augustine testified that Mrs. Augustine suffered nightmares reliving the collision for a period of at least a month and that up until trial, she no longer slept soundly for an entire night. Further, Mrs. Augustine testified that, after the accident and up until trial, she had a phobia of driving, while before she had no such fear. Finally, Mrs. Augustine stated that during the accident, she thought she was going to be killed.

This testimony results in this court finding that no reasonable person would merely award Mrs. Augustine $750.00 for the mental anguish that she suffered. Therefore, we find no error in the trial court granting the plaintiffs' motion for JNOV

8

with respect to past mental anguish.

Future Mental Anguish:

The jury did not award Mrs. Augustine any damages for her future mental anguish. The trial court granted an award. We affirm the trial court's grant of a JNOV for this item.

When discussing her fear of driving, Mrs. Augustine testified to the following:

A       I, I realized that I was clenching the steering wheel while I was driving because I was fearful of another accident. . . .

Q       Okay. Do you still have that phobia of driving as well?

A       Yes, I do.

Q       Okay. Did you have a phobia about driving before this accident?

A       No, none. I was totally independent. I left Marksville and drove Natchitoches to get the, the my degrees that I got and I did it [alone] at night and I had no phobia of driving.

This undisputed testimony shows that Mrs. Augustine, at minimum, was more likely than not to suffer from some future mental anguish. As such, no reasonable person would fail to award anything. Thus, we find no error in the trial court granting a JNOV with respect to future mental anguish.

Loss of Enjoyment of Life:

The jury awarded Mrs. Augustine $1,000.00 for loss of enjoyment of life. We find this amount to be at a level that no reasonable person would find adequate.

Mrs. Augustine testified that she would walk four miles every other day, maintain rose gardens and flower bed around her house, help her husband with the yard maintenance of their eight acres of land , as well as maintaining and keeping up the inside of their home. Further, Mrs. Augustine had no fear of driving and was "totally independent."

9

Mrs. Augustine testified that after the accident, none of the above are true. She could now only walk about two miles, once a week and "pay for it." She could no longer help her husband with yard maintenance nor maintain her flower beds or rose garden. She can no longer do all of her household chores by herself, and she could no longer kneel as part of the Catholic Mass. Finally, she has a fear of driving, and the amount of love and affection between herself and her husband has diminished.

Accordingly, we find that the trial court was correct in granting the plaintiffs' motion for JNOV in regard to Mrs. Augustine's loss of enjoyment of life. No reasonable person would find as the jury did in its judgment.

Future Loss of Earnings:

The jury did not award Mrs. Augustine any damages for future lost wages. We find that the trial court erred in its decision to grant the plaintiffs' motion for JNOV related to this item.

> To recover an award for future loss of earnings, the plaintiff must present medical evidence that indicates with reasonable certainty that a residual disability causally related to the accident in question exists, which results in the plaintiff's inability to earn wages to the same extent he could have earned had he not been injured.

*Fontenot v. Southwestern Offshore Corp.*, 00-1722, p. 6 (La.App. 3 Cir. 6/6/01), 787 So.2d 588, 593, *writ denied*, 01-1913 (La. 10/12/01), 799 So.2d 504 (citing *Mathews v. Dousay*, 96-858 (La.App. 3 Cir. 1/15/97), 689 So.2d 503).

In the case before us, Dr. McCann testified to the following:

Q      If you were to put a percentage of disability on Ms. Augustine or on her left leg, what percentage would you put?

A      Probably with the left knee as hurt, probably a ten percent disability.

Dr. Cobb, when asked what percentage of disability Mrs. Augustine had as a result of the injuries she sustained in the accident replied:

I think there are certain changes that we can attribute to the injury that would actually confirm on the MRI; that being some swelling an looked like a strain of the ACL; some injury to the cartilage. You know, it's difficult to be 100 percent accurate without looking in the knee. But I would say based on what we have, somewhere I the neighborhood of about ten percent impairment.

While this testimony establishes that Mrs. Augustine had some impairment to her left knee as a result of this accident, the plaintiffs put forth no evidence that the disability "results in the plaintiff's inability to earn wages to the same extent [she] could have earned had [she] not been injured." *Id.*

Accordingly, we find that a reasonable person could find that Mrs. Augustine did not carry her burden to prove a loss of future earnings. As such, we reverse the trial court's JNOV for this item and reinstate the jury's award of zero dollars for loss of future earnings.

Loss of Consortium:

The jury awarded Mr. Augustine $2,000.00 for loss of consortium. We find that the trial court's grant of the plaintiffs' motion for JNOV on this issue was in error.

> The compensable elements of damage in a loss of consortium claim are loss of society, sex, service, and support. "Society" is broader than loss of sexual relations. It includes general love, companionship, and affection that the spouse loses as a result of the injury. "Support" is the lost family income that would go to support the uninjured spouse. "Service" is the uncompensated work around the house or educational help with the children which will, as a result of the injury, have to be obtained from another source and at some price.

*Broussard v. Romero*, 96-973, p. 12 (La.App. 3 Cir. 2/26/97), 691 So.2d 1265, 1273, *writ denied*, 97-670 (La. 4/25/97), 692 So.2d 1092 ( *quoting Rowe v. State Farm Mut. Auto. Ins. Co.*, 95-669, p. 25 (La.App. 3 Cir. 3/6/96), 670 So.2d 718, 732, *writ denied*, 96-824 (La. 5/17/96), 673 So.2d 611.)

In the case before us, Mr. Augustine testified that as a result of the accident, he had to maintain their eight acre home place by himself, rather than he and his wife

11

doing it together. Further, Mrs. Augustine can no longer maintain the inside of their home like she did so he is required to help her with the household duties. Finally, Mr. and Mrs. Augustine testified that the frequency of their sexual relationship had diminished to approximately once every three to four weeks from approximately twice a week.

During cross examination, Mr. Augustine testified that he and his wife had not sought marriage counseling as they simply "try to work it out together." Mrs. Augustine testified that her husband knew very little regarding her medications or her doctor appointments because, "he is a very busy man and that is something I kind of kept private."

After taking into consideration the above and the record in its entirety, we do not believe that the only result that a reasonable person could reach is to award Mr. Augustine more than $2,000.00. While we feel this award is on the lowest portion of the scale for the facts specifically before us, there is ample jurisprudence influential enough to find this award given by the jury to be reasonable. *See Roberts v. State*, 00-778 (La.app. 3 Cir. 11/2/00), 776 So.2d 519, *writs denied*, 00-3307, 00-3324, (La. 2/2/01), 784 So.2d 8, 644; *Darbonne v. Walmart Stores, Inc.*, 00-551 (La. App. 3 Cir. 11/2/00), 774 So.2d 1022; *Clayton v. Republic VanGuard Ins. Co.*, 05-1615 (La. App. 3 Cir. 5/3/06), 929 So.2d 811. As such, we reverse the trial court's grant of the JNOV in favor of the plaintiffs on this issue and reinstate the jury award of $2,000.00 to Mr. Augustine for his loss of consortium.

Future Medical Expenses:

The jury did not award Mrs. Augustine any damages for future medical treatment, while the trial court granted the plaintiffs' motion for JNOV on this issue.

12

We find that an award of no damages for future medical expenses to be reasonable.

The following is an exchange from Dr. McCann's testimony:

Q Doctor since it's been over a year and she is still having problems what do, what do you think is in the future for Ms. Augustine?

A She would probably benefit from laproscopic surgery on the knee of arthroscopy I'm sorry of the knee. But yea, if she doesn't have that she probably will continue to have symptoms in the knee and it will probably get worse over time.

. . . .

Q Do you think it is necessary for her at this point and time for Ms. Augustine to have future medical care?

A Yes, it is.

While this testimony clearly indicates that Mrs. Augustine would need future medical care, that care is in the form of a surgical procedure that Mrs. Augustine would not undergo. Mrs. Augustine testified as follows:

Q It's your testimony that you were deathly afraid of needles and you did not want an injection in your knee?

A That's correct.

Q And it is your testimony that you are very afraid of any kind of [invasive] procedure and even after all of these problems that you are still having with your knee you do not want the one hour arthroscopic examination to see what is wrong with your knee.

A It doesn't matter how short it is, it's just the idea of having to have a camera and a scope in my knee.

The only other medical treatment that Mrs. Augustine could undergo in the future is physical therapy. Dr. Cobb testified that Mrs. Augustine "probably reached the maximum benefit from therapy." Therefore, a reasonable person could reach the conclusion that the jury reached, i.e., that Mrs. Augustine was not entitled to any award for future medical expenses. As such, we reverse the trial court's JNOV on this

13

item and reinstate the jury's award of zero dollars for future medical treatment.

**REVIEW OF AMOUNTS AWARDED VIA JNOV:**

Having found the trial court properly granted a JNOV on past pain and suffering, future pain and suffering, past mental anguish, future mental anguish, and loss of enjoyment of life. We will now review whether the amounts set by the trial court were proper. For the following reasons, we find no error in the amounts awarded by the trial court.

> Once a trial court has concluded that a JNOV is warranted because reasonable men could not differ on the fact that the award was either abusively high or abusively low, it must then determine what is the proper amount of damages to be awarded. In making this determination, the judge is not constrained as the courts of appeal are to raising (or lowering) the award to the lowest (or highest) point which is reasonably within the discretion afforded the court. *Coco v. Winston Industries, Inc.*, 341 So.2d 332 (La.1976).

*Anderson*, 583 So.2d 833.

The *Anderson* court went on to state that the amount awarded via JNOV by a trial is then "reviewed on appeal under the constraints of *Coco*, [341 So.2d 332]."

Past pain and suffering:

The trial court awarded Mrs. Augustine $35,000.00 in past pain and suffering. After reviewing the record, we find this award reasonable.

The medical records show that Mrs. Augustine had no prior problems with her neck, shoulder, low back, left knee, left thigh, or left hip. Further, she had no prior psychological problems or anxiety. On the day of the accident, Mrs. Augustine was treated in the Avoyelles Hospital emergency room, and later followed up with Dr. McCann, Avoyelles Open MRI, Dr. Cobb, and Lemoine Physical Therapy Clinic. Her treatment went from April 2, 2007, to May 2, 2008.

Dr. McCann's testimony was that Mrs. Augustine suffered injury to her neck,

14

shoulder, low back, left knee, left hip, and left thigh. She suffered pain in her neck, shoulder, and low back from the date of the accident until October 1, 2007, a period of six months. Dr. McCann ordered an MRI of her left knee with revealed an internal derangement of the left knee, with a perimeniscal cyst anteriorly and laterally, and an anterior cruciate ligament strain with fraying of the lateral collateral ligament. On April 4, 2007, Dr. McCann found a hematoma on the left thigh that measured ten by seven and a half centimeters and a hematoma on the left knee that measured six by six centimeters. Finally, Dr. McCann also testified that Mrs. Augustine had crepidus and swelling of the left knee, and that she was still in pain all the way through the date of trial.

Dr. Cobb testified that Mrs. Augustine more probably than not had a medial meniscus lesion that was either caused or aggravated as a result of trauma incurred in the accident. Dr. Cobb further testified that she would need a knee scope surgery in order to determine the exact derangement of the left knee, and to make any repairs associated with that derangement.

Finally, Mrs. Augustine underwent physical therapy from the Lemoine Physical Therapy Clinic until May 2, 2008. This therapy included electrical stimulation, phonophoresis, moist heat, and therapeutic exercise.

Accordingly, after a thorough review of the medical evidence presented, we find that the medical testimony and records provide a reasonable basis for the trial court to award $35,000.00 to Mrs. Augustine. As such, we affirm the trial court's award.

Future pain and suffering:

The trial court awarded Mrs. Augustine $10,000.00 for her future pain and

suffering. While this award is on the higher side of the scale, we find it reasonable.

Dr. McCann testified that Mrs. Augustine would continue to endure pain and suffering with the following testimony:

> Q    Doctor since it's been over a year and she is still having problems what do, what do you think is in the future for Ms. Augustine?
>
> A    She would probably benefit laproscopic surgery on the knee of arthroscopy I'm sorry of the knee. But yea[h], if she doesn't have that she probably will continue to have symptoms in the knee and it will probably get worse over time.

While it is clear that Mrs. Augustine will not undergo the surgical procedure due to her phobia, "[i]t is clear that a defendant takes his victim as he finds him and is responsible for all natural and probable consequences of his tortious conduct." *Lasha v. Olin Corp.*, 625 So.2d 1002, 1005 (La.1993) (citations omitted). Here, Mrs. Augustine's fear of surgery is a preexisting condition that is responsible for an increase of at least some of the future pain and suffering she will endure. However, as Mrs. Augustine is an "eggshell plaintiff," the defendants are not entitled to mitigate their damages, and, further, the defendants will not have to pay for her future surgery, nor for her future pain and suffering of having to undergo the procedure.

Accordingly, we find the trial court's award reasonable. As such, we find no error in awarding Mrs. Augustine $10,000.00 for her future pain and suffering.

Past mental anguish:

The trial court awarded Mrs. Augustine $5,000.00 for past mental anguish. We find no error in this award.

As stated above, both Mr. And Mrs. Augustine testified that Mrs. Augustine suffered nightmares reliving the collision for a period of at least a month and that, up until trial, she no longer slept soundly for an entire night. Further, Mrs. Augustine

16

testified that after the accident and up until trial, she had a phobia of driving, while before she had no such fear. Mrs. Augustine also stated that during the accident, she thought she was going to be killed.

Additionally, Mrs. Augustine suffers from a tremendous fear of needles and any sort of invasive procedure. Mrs. Augustine testified that having to undergo medical care wherein she had to at least acknowledge and admit those fears placed a great amount of stress on her.

After looking at the evidence in the record, we find it reasonable that the trial court award $5,000.00 to Mrs. Augustine for past mental anguish. As such, we affirm its judgment.

Future mental anguish:

The trial court awarded Mrs. Augustine $2,500.00 in damages for her future mental anguish. We affirm.

When discussing her fear of driving, Mrs. Augustine testified to the following:

Q       Okay. Do you still have that phobia of driving as well?

A       Yes, I do.

Further, as we discussed above, Mrs. Augustine will likely endure pain and suffering in the future. Both Dr. McCann and Dr. Cobb have suggested a surgical procedure to help diagnose the problems in her knee and to help fix those problems. However, Mrs. Augustine has a phobia of needles and invasive procedures. She will continue to wrestle with this phobia versus the benefits of the procedure.

This evidence provides a reasonable basis for awarding Mrs. Augustine $2,500.00. Thus, we affirm the trial court's judgment on this element of damages.

Loss of enjoyment of life:

The trial court awarded Mrs. Augustine $10,000.00 for loss of enjoyment of life. For the following reasons, we find no error in this award.

Mrs. Augustine's testimony was that prior to the accident, she would walk four miles every other day, maintain rose gardens and flower bed around her house, help her husband with the yard maintenance of their eight acres of land, as well as maintain and keep up the inside of their home. Further, Mrs. Augustine had no fear of driving and was "totally independent."

Mrs. Augustine testified that she could now only walk about two miles, once a week and "pay for it." She could no longer help her husband with yard maintenance, nor maintain her flower beds or rose garden. She can no longer do all of her household chores by herself and is no longer able to kneel as part of the Catholic Mass. Additionally, she has a fear of driving, and sexual relations between herself and her husband has diminished from two to three times weekly, to once a month.

This testimony provides makes the award of $10,000.00 for loss of enjoyment of life reasonable. Accordingly, we affirm the trial court's judgment on this issue.

**CONCLUSION:**

The appellants raised eight assignments of error. After reviewing their assignments, we find merit as to some of the issues raised by both appellants. Therefore, we affirm the underlying judgment in part and reverse it in part. All costs of these proceedings are to divided evenly between the plaintiffs and the defendants.

**AFFIRMED IN PART, REVERSED IN PART.**