# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 03-1043


ANTHONY D. PLAISSANCE, ET AL.

VERSUS

ROBERT L. MCDONALD AND HARRAH'S LAKE CHARLES, LLC


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2001-6312
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

## ARTHUR J. PLANCHARD
## JUDGE PRO TEMPORE

**********

Court composed of Billie Colombaro Woodard and Elizabeth A. Pickett, Judges and Arthur J. Planchard, Judge Pro Tempore.

**AFFIRMED.**


**Todd Michael Ammons**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**Counsel for Defendant-Appellant**
**Robert L. McDonald and Harrah's Lake Charles, LLC**

**Rex Douglas Townsley**
**3102 Enterprise Blvd.**
**Lake Charles, LA 70601**
**Counsel for Plaintiff-Appellee**
**Anthony D. Plaissance, individually and on behalf of his minor daughter Courtney Plaissance and Lori Plaissance, individually.**

PLANCHARD, Judge

The Defendants, Robert L. McDonald and Harrah's Lake Charles, L.L.C. (Harrah's), appeal the trial court judgment finding McDonald 90% at fault in this matter arising out of an accident between a casino bus and a private vehicle.

The Plaintiffs, Anthony Plaissance, brought this suit against Harrah's and McDonald alleging that he sustained injury when a bus owned by Harrah's and driven by McDonald pulled out in front of him from a private driveway forcing him off the road and causing him to collide with a utility pole and flip over. Plaissance on behalf of his child, and his wife Lori Plaissance, made claims for loss of consortium. The trial court rendered judgment finding McDonald 90% at fault and Plaissance 10% at fault. As a result, the court awarded Plaissance $44,464.50, as follows:

Anthony Plaissance:
| | |
|---|---|
| General Damages | $34,000.00 |
| Past Medical Bills | $ 6,405.00 |
| TOTAL: | $40,405.00 |

Courtney Plaissance:
| | |
|---|---|
| Loss of Consortium | $ 1,500.00 |

Lori Plaissance:
| | |
|---|---|
| Loss of Consortium | $ 7,500.00 |

| | |
|---|---|
| TOTAL DAMAGE AWARD | $49,405.00 |
| Less 10% | -4,940.00 |
| TOTAL | $44,464.50 |

Harrah's and McDonald appeal the trial court's determination of liability and the quantum of damages, both to Plaissance for his injuries and to his wife for loss of consortium.

LIABILITY

The Defendants first assert that the trial court erred in assessing McDonald with 90% of the fault. They argue that the evidence shows that McDonald did not pull out in front of Plaissance and that he was not involved in the accident.

Plaissance testified that on the date of the accident at 8:30 p.m. he was going from his apartment on Lake St. in Lake Charles, Louisiana to Harrah's casino. He stated that it was dark out and that he had had nothing to drink and had taken no drugs, prescription or otherwise. Plaissance testified that he was driving west in the right lane on N. Lakeshore Dr. at about 45 m.p.h. as he approached the driveway to the casino's employee parking lot. He saw the casino bus in the driveway as he approached and the bus pulled out turning into the road in front of him. He stated that he hit his brakes and steered sharply to the left. He stated that his car went across the left lane and onto the shoulder and down a steep embankment where it rolled over and came to a stop when it hit a light pole on I-10. He noted that the bus pulled over but that the driver did not come to help him.

McDonald, the bus driver, testified that as he pulled out of the parking lot he stopped at the edge of the road and looked to the left to see if anything was coming before pulling out. His testimony is unclear as to whether he saw Plaissance's headlights and as to what lane he thought Plaissance was in, but he testified that he determined that it was safe to pull out and did so. He stated that he looked over his left shoulder and saw a vehicle, which he later found out was driven by Plaissance, going off the road. He testified that he had plenty of time to pull out of the driveway without causing Plaissance to take evasive action. It was McDonald's testimony that he pulled over and called his supervisor on the radio. He stated that he went back to the casino, spoke to his supervisor and went back to the scene to speak to the police. Two witnesses, Debra Renee Walker and Amanda Wallace Gums, also testified about seeing

2

Plaissance's vehicle go off the road and flip, but neither saw the bus pull out of the parking lot.

The trial court's reasons for judgment show that his decision to find that McDonald's conduct was a cause in fact of the accident was based on a credibility evaluation:

> The Court did hear from Mr. Plaisance (sic) and did find him to be very credible in his recitation as to what occurred, as well as an explanation of his injuries, . . . . His statement indicated that the bus pulled out in front of him and he pulled over to the left to avoid it. In contradiction to that, the other party that is allegedly involved, even though no contact made . . . . He indicated he looked to the left, as was his regular driving habits, noticed the headlights, felt that he could safely enter the right lane or outside lane, and proceeded to enter that lane, picking up speed when he noticed lights over his left shoulder, and turning and seeing Mr. Plaisance's vehicle. He eased over to the shoulder to a stop when he realized an accident or incident was occurring. The Court did find Mr. McDonald to be somewhat evasive and defensive with regard to his testimony, and it is noted that he is 73 or 75. . . .

"Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony." *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993) (citations omitted).

Finding the trial court's credibility evaluation to be reasonable based on the record before us, we will not disturb its apportionment of fault to Harrah's and McDonald.

QUANTUM OF DAMAGES

The Defendants contend that the trial court abused its discretion by making excessive damage awards for general damages and loss of consortium. They argue that

3

the evidence established that the majority of Plaissance's injuries were not severe and that they essentially resolved within a few months of the accident. Further they argue that since the Plaintiff and his wife were living apart for reasons of his job at the time of the accident and saw each other only on weekends, the award for loss of consortium was excessive. They also maintain that Plaissance, by refusing to undergo surgery to release the ulnar nerve, failed to mitigate his damages.

The discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.

Only after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper; an abusively low award is raised to the lowest amount the trier of fact could have reasonably awarded, while an abusively high award is reduced to the highest amount the trier of fact could have reasonably awarded. The proper procedure for examining whether an award is excessive is to determine whether the amount can be supported under the interpretation of the evidence, most favorable to the plaintiff, which reasonably could have been made by the trier of fact.

Before a trial court's award of damages can be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the instant case. A damage award should not be disturbed by the reviewing court absent a showing of a clear abuse of discretion.

General damages involve mental and physical pain and suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be measured exactly in monetary terms.

Louisiana law requires that an injured person exercise the diligence and care of a man of ordinary prudence to minimize his damages. The burden rests with the wrongdoer to show that the victim of tortious conduct failed to mitigate damages. The tortfeasor must demonstrate (1) that the injured party's conduct after the accident was unreasonable and (2) that the unreasonable conduct had the consequence of aggravating the harm.

4

*Hunt v. Long*, 33,395, pp. 4-5 (La.App. 2 Cir. 6/21/00), 763 So.2d 811, 815-16, (citations omitted).

The evidence of record shows that, as a result of the accident, Plaissance incurred multiple soft tissue injuries, cuts, bruises and permanent nerve damage. Plaissance's testimony shows that, prior to the accident, he had never had any problems with his neck, back, shoulder or arms. There is nothing of record to indicate that Plaissance's condition has been aggravated by his failure to undergo surgery. Further, the record reflects that Plaissance had informed reasons for wanting to avoid surgery if possible, including worries about infection.

While the award of general damages is high, we cannot say that it is abusively high. Therefore, we will not disturb this award.

"Loss of consortium includes such elements as loss of service, loss of love and affection, loss of society and companionship, loss of sexual relationship, loss of support and loss of felicity or overall contentment and happiness." *Williams v. O'Neill*, 99-2575, p. 20 (La.App. 4 Cir. 3/13/02), 813 So.2d 548, 562, *citing Coleman v. Deno*, 99-2998 (La.App. 4 Cir. 4/25/01), 787 So.2d 446. The testimony at trial showed that while the parties only saw one another on weekends, this was because Plaissance had accepted a job in Lake Charles prior to the end of the school year and that Mrs. Plaissance was waiting to join him after their daughter completed her year at school. Both testified that rather than being able to enjoy their time together as a family during the short time they were able to be together, Plaissance's injuries prevented him from participating in family life, and the couple's sex life suffered. Both testified that because they had very little time together, the loss of quality of their time together was particularly difficult. Based on this testimony, we find no abuse of discretion in the trial court's award of damages.

5

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Defendants/Appellants.

**AFFIRMED.**