# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1036

**EDIE GORDEY AND OWEN GORDEY**

**VERSUS**

**JAMES E. JOHNSON, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 3-0053
HONORABLE JESSE PHILLIP TERRELL  JR., CITY COURT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN D. SAUNDERS
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders,  Marc T. Amy, and Billy H. Ezell, Judges.

**AFFIRMED.**

**David A. Hughes**
**Hughes & LaFleur**
**P. O. Box 1831**
**Alexandria, LA 71309-1831**
**(318) 443-4090**
**Counsel for: Defendant/Appellant**
**State Farm  Mutual Automobile Insurance Company**
**James E. Johnson**

**David Alan Johnson**
**Attorney at Law**
**P. O. Box 4237**
**Pineville, LA 71361-4237**
**(318) 473-2523**
**Counsel for: Plaintiffs/Appellees**
**Edie Gordey**
**Owen Gordey**

**SAUNDERS, J.**

The issues on appeal to this court concern the quantum of damages awarded for an automobile accident. Plaintiffs, Edie and Owen Gordey, were stopped on an exit ramp preparing to merge onto U.S. Highway 165 when they were struck from behind by a vehicle driven by James Johnson. Defendant, State Farm Mutual Insurance Company (hereinafter referred to as "State Farm") contends the awards for general damages and loss of consortium were excessive, while the award of future medical expenses was not supported by the evidence. We affirm in all respects.

**FACTS AND PROCEDURAL HISTORY**

On February 25, 2002, plaintiffs were waiting to merge onto U.S. Highway 165 when James Johnson drove his vehicle into the rear of their automobile. Liability was stipulated and a bench trial was held on February 6, 2004. Also, on that date, the claims against James Johnson were dismissed. Thereafter, on April 30, 2004, judgment in favor of plaintiffs was rendered awarding $20,000.00 in general damages to Edie Gordey, $10,332.50 in future medical expenses to Edie Gordey, and $2,500.00 for loss of consortium to Owen Gordey. State Farm then filed this appeal.

**ASSIGNMENTS OF ERROR**

1) The trial court erred in awarding general damages to Edie Gordey in the amount of $20,000.000.

2) The trial court erred in awarding future medical expenses to Edie Gordey.

3) The trial court erred in awarding loss of consortium damages to Owen Gordey in the amount of $2,500.00.

**LAW AND ANALYSIS**

The standard of review for findings of the trial court has been clearly established in this circuit. A court of appeal may not set aside a judge's factual

finding unless that finding was manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't Of Transp. & Dev.*, 617 So.2d 880 (La.1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id*. at 1112. Furthermore, when reviewing questions of law, appellate courts are to determine if the trial court's ruling was legally correct or not. *Cleland v. City of Lake Charles*, 01-1463 (La.App. 3 Cir. 3/5/03), 840 So.2d 686, *writ denied*, 03-1380 (La. 9/19/03), 853 So.2d 645, and *writ denied*, 03-1385 (La. 9/19/03), 853 So.2d 644.

**ASSIGNMENT OF ERROR NUMBER ONE**

In this assignment, defendant argues that the award of general damages is excessive. We do not agree. The trial judge specifically concluded that the accident caused injury to Mrs. Gordey's temporomandibular joint (TMJ), that this injury aggravated a pre-existing TMJ condition so that surgery is now required, and that medical attention was necessary. Furthermore, Mrs. Gordey testified that her TMJ condition was asymptomatic for some time prior to the accident. This award is also not out of line with other awards for similar injuries in this circuit. We find no abuse of discretion in the trial judge's award and affirm the judgment in this regard.

**ASSIGNMENT OF ERROR NUMBER 2**

Defendant argues that the award of future medical expenses was not supported

by the evidence. State Farm contends that Mrs. Gordey's initial denial of the recommended surgery precludes a finding that it is more probable than not that the future medical expenses will be incurred. Defendant does concede, however, that Dr. Robert Levy, whom the court accepted as an expert in oral and maxillofacial surgery, did recommend surgery for Mrs. Gordey's TMJ condition and that this surgery would cost $10,332.50.

We initially recognize that, in order to receive an award for future medical expenses, a plaintiff must show that it is more probable than not that the expenses will be incurred. *Clavier v. Roberts*, 00-1666 (La.App. 3 Cir. 4/4/01), 783 So.2d 599, *writ denied*, 01-1662 (La. 9/21/01), 797 So.2d 672. We disagree, however, with the relevance defendant attributes to Mrs. Gordey's initial denial of the recommended surgery. Mrs. Gordey testified that she wanted to have the surgery but initially declined to do so because she could not afford the procedure. Given this testimony, we are unwilling to extrapolate the initial refusal into a finding that plaintiff has failed to show that it is more probable than not that the future medical expenses will be incurred. This court has previously given weight to such testimony when affirming awards for future medical expenses. *Veazey v. State Farm Mutual Auto Ins.*, 587 So.2d 5 (La.App. 3 Cir. 1991). Accordingly, we find no merit in this assignment and affirm the trial court's judgment in this regard.

**ASSIGNMENT OF ERROR NUMBER 3**

In this assignment, defendant argues that the $2500.00 award for loss of consortium is excessive. State Farm contends that no evidence establishing a loss of love, affection, or services was presented. Mr. Gordey did testify, however, that his

3

wife's pain prevented her from getting out of bed and made her very difficult to get along with. This testimony was corroborated by that of Mrs. Gordey in which she claimed that she became very irritable and difficult to associate with because of the pain she was experiencing. Accordingly, we find no abuse of discretion in the award for loss of consortium. This assignment lacks merit.

**CONCLUSION**

We affirm the trial court's awards of general damages and future medical expenses to Mrs. Gordey and loss of consortium to Mr. Gordey. All costs of this appeal are assessed against defendant.

**AFFIRMED.**