STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1244

SONJA DAUZAT DELIGANS AND
TIMOTHY DELIGANS, JR.

VERSUS

ACE AMERICAN INSURANCE COMPANY,
OUACHITA COCA COLA BOTTLING, AND
CHRISTOPHER L. BROWN

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 235,548 DIV. "A"
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese,
Judges.

AFFIRMED AS AMENDED.

W. Jay Luneau
Luneau Law Office
1239 Jackson Street
Alexandria, Louisiana 71301
(318) 767-1161
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Sonja Dauzat Deligans and Timothy Deligans, Jr.

**Kevin S. Frederick**
**James P. Doherty, III**
**Frederick Law Firm**
**Post Office Box 52880**
**1025 Coolidge Blvd.**
**Lafayette, Louisiana 70505**
**(337) 269-5143**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Ace American Insurance Company,**
    **Louisiana Coca–Cola Bottling Company, LLC,**
    **and Christopher Brown**

**GENOVESE, Judge.**

In this personal injury action, Plaintiffs, Sonja Deligans and Timothy Deligans, Jr., appeal the jury's award of general and special damages. Defendants, Ace American Insurance Company, Louisiana Coca-Cola Bottling Company, LLC, and Christopher Brown, answered the appeal seeking a review of certain evidentiary rulings made by the trial court. For the following reasons, we affirm as amended.

## FACTS AND PROCEDURAL HISTORY

On July 10, 2008, Sonja Deligans was involved in an automobile accident in Alexandria, Louisiana, with Christopher Brown, who was driving a vehicle owned by Louisiana Coca-Cola Bottling Company, LLC (Coca-Cola). Mrs. Deligans and her husband, Timothy Deligans, Jr., filed suit against Mr. Brown, Coca-Cola, and its insurer, Ace American Insurance Company (collectively Ace American). Ace American stipulated to liability, and the matter proceeded to trial by jury on damages alone.

The jury returned a verdict in favor of Mrs. Deligans, finding that the subject accident caused her personal injury and awarding her the following damages:

| | |
|---|---|
| Past physical pain and suffering | $9,000.00 |
| Future physical pain and suffering | $3,000.00 |
| Past mental pain and suffering | $9,000.00 |
| Future mental pain and suffering | $ 600.00 |
| Past disability | $ 0.00 |
| Future disability | $ 0.00 |
| Past medical expenses | $38,043.52 |
| Future medical expenses | $1,500.00 |
| Past loss of enjoyment of life | $6,000.00 |

Future loss of enjoyment of life $1,200.00

The jury also awarded Mr. Deligans $1,500.00 for loss of consortium.

## ASSIGNMENTS OF ERROR

On appeal, Mrs. Deligans asserts that the jury erred in awarding inadequate general and special damages. In its Answer to Appeal, Ace American contends that the trial court made evidentiary rulings which were contrary to law.

## LAW AND DISCUSSION

### General Damages

Mrs. Deligans asserts on appeal that the general damages awarded by the jury fail to adequately compensate her for her injuries. Additionally, she asserts that the amount of future medical expenses awarded by the jury was an abuse of its discretion. In reviewing the jury's awards in this case, we are mindful of the instruction provided by our supreme court.

> It is well-settled that a judge or jury is given great discretion in its assessment of quantum, both general and special damages. Louisiana Civil Code article 2324.1 provides: "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." Furthermore, the assessment of quantum, or the appropriate amount of damages, by a trial judge or jury is a determination of fact, one entitled to great deference on review. *Wainwright v. Fontenot*, 00-0492, p. 6 (La.10/17/00), 774 So.2d 70, 74.

*Guillory v. Lee*, 09-75, p. 14 (La. 6/26/09), 16 So.3d 1104, 1116. The supreme court, in *Guillory*, went on to state:

> Because the discretion vested in the trier of fact is so great, and even vast, an appellate court should rarely disturb an award on review. *Youn v. Maritime Overseas Corp., et al.*, 623 So.2d 1257, 1261 (La.1993), *reh'g denied*, 10/7/93.

> The role of an appellate court in reviewing a general damages award, one which may not be fixed with pecuniary exactitude, is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. This court has long held true to the following principle:

2

> [b]efore a Court of Appeal can disturb an award made by a [factfinder,] the record must clearly reveal that the trier of fact abused its discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court.

*Wainwright*, 00-0492, p. 6, 774 So.2d at 74 (quoting *Coco v. Winston Indus., Inc.*, 341 So.2d 332, 334 (La.1977) (internal citations omitted)). *See also Miller v. LAMMICO*, 07-1352, p. 28 (La.1/16/08), 973 So.2d 693, 711 (stating that an appellate court may disturb a damages award only after an articulated analysis of the facts discloses an abuse of discretion and citing *Theriot v. Allstate Ins. Co.*, 625 So.2d 1337, 1340 (La.1993)); *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993); *Reck v. Stevens*, 373 So.2d 498, 501 (La.1979). Furthermore, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. *Id.* (citing *Arceneaux v. Domingue*, 365 So. 2d 1330, 1333 (La.1978) and *Watson v. State Farm Fire & Casualty Ins. Co.*, 469 So.2d 967 (La.1985)). Moreover, on review, an appellate court must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. *Perkins* [*v. Entergy Corp.*, 00-1372, p. 9 (La. 3/23/01), 782 So.2d 606, 612] (citing *Ambrose v. New Orleans Police Department Ambulance Service*, 93-3099, 93-3110, 93-3112, p. 8 (La.7/5/94), 639 So.2d 216, 221). Reasonable persons frequently disagree about the measure of damages in a particular case. "It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award." *Youn*, 623 So.2d at 1261.

Special damages are those which have a "ready market value," such that the amount of damages theoretically may be determined with relative certainty, including medical expenses and lost wages. *Kaiser v. Hardin*, 06-2092, p. 11 (La.4/11/07), 953 So.2d 802, 810 (per curiam) (citing *McGee v. AC and S, Inc.*, 05-1036 (La.7/10/06), 933 So.2d 770). An appellate court, in reviewing a jury's factual conclusions with regard to special damages, must satisfy a two-step process based on the record as a whole: there must be no reasonable factual basis for the trial court's conclusions, and the finding must be clearly wrong. *Kaiser*, 06-2092 at p. 11-12, 953 So.2d at 810 (citing

*Guillory v. Ins. Co. of North America*, 96-1084 (La.4/8/97), 692 So.2d 1029).

*Guillory*, 16 So.3d at 1117-18.

In considering the general damages awarded, we note that the jury verdict form provided an opportunity for the jury to render an award for the following general damages: past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, past disability, future disability, past loss of enjoyment of life, and future loss of enjoyment of life. Mrs. Deligans expressly states that she is not seeking relief on the lack of an award for past and future disability; accordingly, we will address the remaining awards to determine whether the jury abused its discretion in those awards.

In the present case, Mrs. Deligans was initially seen at the emergency room at Christus St. Frances Cabrini Hospital in Alexandria following the accident. Thereafter, in July of 2008, she sought treatment with Dr. Robert Rush, who diagnosed her with a TMJ[1] exacerbation, cervical and lumbar strain, and left sacroiliac strain. Dr. Rush ordered physical therapy and referred Mrs. Deligans to Dr. Kurt Gauthier, a dentist, for treatment of the TMJ. In August of 2008, Dr. Gauthier referred Mrs. Deligans to Dr. Wilton Guillory, III, a chiropractor. Mrs. Deligans continued to treat with these three health care providers through the end of 2010. The medical testimony indicates that Mrs. Deligans continued to complain of jaw pain, low back pain, shoulder pain, headaches, and neck pain, to various degrees, throughout the course of her treatment. In September of 2008, Dr. Rush added a diagnosis of myofascial pain syndrome. Due to continued complaints, Dr. Rush ordered a cervical and lumbar MRI in March of 2009. These

---

[1] TMJ is an umbrella term covering acute or chronic inflammation of the temporomandibular joint which connects the mandible (jawbone) to the skull.

4

studies documented mild herniation at C5-C6, bilateral foraminal stenosis at L4-L5 and L5-S1, which, according to Dr. Rush, were not caused by the subject accident, but were exacerbated by it. Throughout her treatment for TMJ, Mrs. Deligans also underwent splint therapy. Mrs. Deligans complaints of pain were described as "waxing and waning," and, although she did not always express the exact same complaints of pain at each visit, she was "consistent" according to her doctors.

Mrs. Deligans was at all times being treated with different medications that were monitored and changed by her doctors during the course of her treatment for optimal results. Notably, her doctors acknowledged the "vicious cycle" Mrs. Deligans was in and how that results in physical and psychological problems. They explained that despite the medications, she often remained in pain that disrupted her sleep which, in turn, caused her symptoms to worsen.

Mrs. Deligans' testimony at trial as to the amount of pain she was experiencing and the nature of her symptoms was consistent with the medical evidence. She described the manner in which her injuries decreased the overall quality of her life with her husband and children. Mrs. Deligans described an inability to perform her usual household chores and her inability to enjoy activities with her family as she had customarily done. Instead, it was her testimony that due to pain, she often rested with a hearing pad on her back to ease the pain. Mrs. Deligans expressed feelings of stress and depression that impact her life. Particularly, she testified that she has concern for her future and that she continues to worry about her condition in the upcoming years.

The jury was also presented with medical evidence documenting Mrs. Deligans' treatment for TMJ prior to the subject accident. Although she was not treating for TMJ at the time of the accident, and had not done so in years, her prior condition was significant enough to warrant treatment, including splint

5

therapy. In 2003, Dr. Gauthier described it as a "permanent injury" such that it would "require splint therapy indefinitely to protect the joint." At that time, Dr. Gauthier felt that "it [was] probable that [Mrs. Deligans] will have reoccurrences of her symptoms periodically. At those times, physical therapy and medication may also be necessary."

Based upon the foregoing, Mrs. Deligans contends that the jury's awards of general damages were unreasonably low. Although we agree that some of the jury's awards are certainly on the low side, and, while this court, if sitting as the trier of fact, may have awarded Mrs. Deligans more than the jury did, this is not the standard of review on appeal. Rather, as outlined in detail above, we, as the appellate court, cannot re-weigh the evidence or superimpose our judgment on that of the jury even if we would have decided the case differently. In this case, the jury endeavored to render an award adequately compensating Mrs. Deligans for the injuries she sustained in the subject accident and had the duty of separating those damages from any suffering that she would have endured despite being involved in this accident. Considering the record and these principles of law, we find no abuse of discretion in the jury's awards for future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, and past loss of enjoyment of life. However, we reach a different conclusion relative to the jury's award for past physical pain and suffering and future loss of enjoyment of life.

Mrs. Deligans underwent significant medical treatment over a three-year period. Each of her doctors felt that she was sincere in her complaints, which were supported by objective findings. In Dr. Gauthier's words, Mrs. Deligans has "been through a lot of discomfort" and "she's paid for it quite a bit in -- in pain, and -- and the medications don't take care of a hundred percent of it[.]" Considering her medical treatment, which amounted to $38,043.52, and the nature and duration of

her treatment, specifically for the TMJ, we find the jury's award of $9,000.00 for past physical pain and suffering to be an abuse of discretion.

Having found the jury award for past physical pain and suffering to be abusively low, this court can only increase the award "to the lowest amount which is reasonably within the court's discretion." *Ryan v. Zurich Am. Ins. Co.*, 07-2312, p. 7 (La. 7/1/08), 988 So.2d 214, 219. Looking to prior awards in comparable cases to determine that amount, we conclude that the lowest amount the jury could have awarded to Mrs. Deligans for past physical pain and suffering is $20,000.00.[2]

In examining the jury verdict, we note that although the jury awarded Mrs. Deligans $6,000.00 for past loss of enjoyment of life, the award for future loss of enjoyment of life was only $1,200.00. The jurisprudence states that loss of enjoyment of life "refers to detrimental alterations of the person's life or lifestyle or the person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury." *McGee v. A C & S, Inc.*, 05-1036, p. 5 (La. 7/10/06), 933 So.2d 770, 775. In this case, Mrs. Deligans, thirty-two years of age, testified that she is now unable to do "fun boy stuff" with her husband and children such as "skiing, and tubing, and fishing" at their camp. Mr. Deligans likewise testified that the family used to do a lot of outdoor activities which Mrs. Deligans does not participate in anymore. Instead of playing together in the evenings, Mrs. Deligans now sits with a heating pad because of the pain. Notably, because of her inactivity, Mrs. Deligans gained thirty pounds after the accident. Considering her medical condition, which was continuing through the time of trial and will continue into the future, we find the jury's award of $1,200.00 for future loss of enjoyment of life to be an abuse of its discretion. Based upon the evidence

---

[2] *See Gordey v. Johnson*, 04-1036 (La.App. 3 Cir. 12/8/04), 889 So.2d 399; *Viviano v. Progressive Sec. Ins. Co.*, 05-125 (La.App. 3 Cir. 1/11/06), 920 So.2d 313, *writ denied*, 06-359 (La. 4/28/06), 927 So.2d 290; and *Vaughn v. Progressive Sec. Ins. Co.*, 03-1105 (La.App. 3 Cir. 3/2/05), 896 So.2d 1207.

in this case, and considering prior awards found within the jurisprudence, we increase the jury's award for this element of damages to $5,000.00.[3]

**Special Damages**

Mrs. Deligans asserts that the jury's award of $1,500.00 for future medical expenses constitutes an abuse of discretion. She argues on appeal that "despite the fact that her doctors testified it was inevitable she would need continued treatment based on the magnitude of her injuries[,] the jury's award of $1,500.00 in future medical expenses is inadequate." We agree.

> Future medical expenses are a component of special damages and must be proven by a preponderance of the evidence. *Basco v. Liberty Mut. Ins. Co.*, 05-143 (La.App. 3 Cir. 8/17/05), 909 So.2d 660. To recover future medical expenses, the plaintiff must present medical testimony to show that it is more probable than not that future medical treatment is indicated and the probable cost of the treatment. *Id*. Nevertheless, the supreme court has held that an award of future medical expenses can be made where the record establishes the need for future medical treatment and evidence of past medical expenses and other evidence allows the court to determine "a minimum amount that reasonable minds could not disagree will be required." *Stiles v. K Mart Corp.*, 597 So.2d 1012, 1013 (La.1992).

*Melancon v. Lafayette Ins. Co.*, 05-762, pp. 9-10 (La.App. 3 Cir. 3/29/06), 926 So.2d 693, 702-03, *writs denied*, 06-974, 06-1006 (La. 6/16/06), 929 So.2d 1291, 1293.

In this case, the jury awarded Mrs. Deligans $38,043.52, which constituted the entirety of her past medical expenses. Thus, the jury obviously was convinced that her injuries required medical treatment and that they resulted in the incurrence of these medical expenses. However, the jury awarded Mrs. Deligans only $1,500.00 in future medical expenses. We find this award to be inconsistent with the medical evidence presented at trial.

---

[3] *See Vaughn*, 896 So.2d 1207, and *Augustine v. SAFECO Nat'l Ins. Co.*, 08-1515 (La.App. 3 Cir. 6/10/09), 18 So.3d 761.

8

The testimony of Dr. Rush and Dr. Guillory as to Mrs. Deligans' need for future medical treatment is unrefuted. Specifically, Dr. Rush testified that "more likely than not it would be inevitable." He explained that "she'll have future bills incurred with somebody because of her TMJ and her cervical and lumbar disc disease." Likewise, Dr. Guillory testified that that Mrs. Deligans' medical problems were going to be "ongoing." Further, he was of the opinion that she is "[a]bsolutely" going to continue experiencing medical problems which will need to be treated. Considering the nature and extent of her injuries, her prior medical treatment, and that it is more likely than not that Mrs. Deligans will require continued treatment in the future, we find the jury's award of future medical expenses is manifestly erroneous. Based upon the record, we find that Mrs. Deligans met her burden of proving her entitlement to future medical expenses, and we amend the jury award to increase that element of damages from $1,500.00 to $7,500.00.

**Answer to Appeal**

In its Answer to Appeal, Ace American objects to two evidentiary rulings made by the trial court. It asserts that "the trial court was erroneous in sustaining [P]laintiffs' objection to the introduction of Interrogatories answered by [P]laintiff which touched upon the credibility of the [P]laintiff." Additionally, Ace American "assign[s] error in the trial court's overruling of [its] objection to the testimony of [Dr. Guillory,] in the alleged sub-specialty of TMJ treatment by a chiropractor."

Ace American argues that the trial court erred in not allowing the introduction of Mrs. Deligans' interrogatory responses for the purpose of attacking her credibility. Specifically, Ace American included in its proffer interrogatory number fifteen, which requested disclosure of prior accidents and information on the dates thereof, the nature of any injuries sustained, and the health care providers

9

from whom treatment was sought. Mrs. Deligans' response was that she "was in a motor vehicle accident approximately 15 years ago" for which she was treated by Dr. Rush. Ace American argues that "[t]his is clearly inaccurate as [Mrs. Deligans] was involved in an accident in 2003 and treated with [Dr. Gauthier], D.D.S. This was the same dentist who treated [Mrs. Deligans'] TMJ complaints for the subject accident." It concludes, therefore, that "[t]his evidence was clearly admissible to attack [Mrs. Deligans'] credibility wherein she admitted on cross-examination suffering injuries on at least four prior occasions and being treated for those injuries."

Louisiana Code of Evidence Article 103 provides the following:

> A. Effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> (1) Ruling admitting evidence. When the ruling is one admitting evidence, a timely objection or motion to admonish the jury to limit or disregard appears of record, stating the specific ground of objection; or
>
> (2) Ruling excluding evidence. When the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.
>
> B. Record of ruling. The court may add any other or further statement which shows the character of the evidence, the form in which it was offered, the objection made, and the ruling thereon.
>
> C. Hearing of jury. In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or asking questions in the hearing of the jury.

In this case, during trial, Mrs. Deligans admitted the prior TMJ treatment that she had undergone in addition to that included in her discovery responses. She testified about the prior treatment and was subject to cross-examination before the

jury. For these reasons, we cannot say that "a substantial right" of Ace American was affected. Therefore, we find no merit to this assignment of error.

The second evidentiary ruling at issue relates to the testimony given by Dr. Guillory. During trial, counsel for Mrs. Deligans tendered "Dr. Guillory as an expert in the field of chiropractic [medicine], and specifically, the treatment of TMJ." Counsel for Ace American objected on the grounds that Dr. Guillory testified that he had developed a protocol which has not been the subject of peer review. Additionally, outside of its utilization by Dr. Guillory and another dentist, it had not been tested for validity, it had not been published, and it was not accepted generally by the scientific community. It was the trial court's ruling that "because he has utilized TMJ as a specialty, [it would] allow his opinion in that area."

In this case, Dr. Guillory testified about his treatment of Mrs. Deligans. That treatment included treatment of her TMJ. Dr. Guillory was clearly competent to testify as to what he documented about Mrs. Deligans complaints, his treatment thereof, and his opinion as to the need for her to continue to require treatment for her problems. We, therefore, find no merit in this assignment of error.

## DECREE

For the reasons assigned, we amend the judgment to increase the award for past physical pain and suffering from $9,000.00 to $20,000.00, to increase the award for future loss of enjoyment of life from $1,200.00 to $5,000.00, and to increase the award for future medical expenses from $1,500.00 to $7,500.00. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to Ace American Insurance Company, Louisiana Coca-Cola Bottling Company, LLC, and Christopher Brown.

**AFFIRMED AS AMENDED.**

11