STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-116

ATHID PHAENGPHAN AND THINUTTA ANUPAT, ETC.

VERSUS

GABRIEL CASTILLO, ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 123,835, DIVISION C
HONORABLE VINCENT JOSEPH BORNE, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

AFFIRMED AS AMENDED.

William Allen Repaske
Landry, Watkins, Repaske & Breaux
P. O. Drawer 12040
New Iberia, LA 70560
Telephone: (337) 364-7626
COUNSEL FOR:
    Plaintiff/Appellant - Thinutta Anupat

Bruce David Beach
Law Offices of Keith S. Giardina
9100 Bluebonnet Centre Boulevard- Suite 300
Baton Rouge, LA 70809
Telephone: (225) 293-7272
COUNSEL FOR:
    Defendants/Appellees - Liberty Mutual Insurance Company, Zachary Louviere, and Pioneer Coiled Tubing Services, LLC

**Sean P. Rabalais**
**11550 Newcastle Avenue – Suite 200**
**Baton Rouge, LA 70816**
**Telephone:  (337) 347-0096**
**COUNSEL FOR:**
**Defendants/Appellees - Progressive County Mutual Insurance Company and Gabriel Castillo**

**THIBODEAUX, Chief Judge.**

Thinutta "June" Anupat appeals the award of general damages for a car collision following a final judgment from a jury verdict. Plaintiff contends that the $3,000 awarded for general damages was abusively low given the nature and extent of her injuries. Defendant-Appellee, Zachary Louviere, asserts that the general damages award was reasonable and supported by the evidence. Ms. Anupat's injuries sustained in the collision impacted her ability to care for her family, and her family faced financial hardship. Because we find the trial court abused its discretion and that the award of general damages was abusively low, we affirm the judgment of the trial court in favor of Ms. Anupat but increase the general damages award to $12,500.

I.

## ISSUES

We must decide whether the trial court abused its discretion in awarding $3,000 in general damages. If so, we must then determine the lowest amount the trier of fact could have reasonably awarded the plaintiff under the particular facts and circumstances of this case.

II.

## FACTS AND PROCEDURAL HISTORY

Ms. Anupat was injured in a multi-vehicle collision on June 16, 2013. On the date of the collision, Ms. Anupat and her four children were passengers in a truck driven by her husband, Mr. Phaengphan. Gabriel Castillo was rear-ended by Zachary Louviere, causing him to rear-end Mr. Phaengphan's truck.

At the scene of the collision, a police officer asked if everyone was okay and Ms. Anupat answered affirmatively after evaluating the physical condition of her children. Shortly thereafter, while filling out an accident report, Ms. Anupat complained of dizziness and needed her daughter to complete the remainder of the report. Ms. Anupat was taken from the scene of the accident to the hospital by ambulance after experiencing dizziness and vomiting in addition to pain in her back, neck, and head.

The hospital ran multiple diagnostic tests and gave Ms. Anupat morphine for pain and ondansteron for nausea. While in the emergency room, Ms. Anupat's pain score decreased from nine out of ten to three out of ten, but her pain did not completely subside. The notes from Ms. Anupat's emergency room visit thoroughly documented Ms. Anupat's headache, vomiting, and back, neck, and arm pain. Ms. Anupat was discharged and provided with instructions that she may experience increased soreness the following day as is common after accidents. Ms. Anupat was prescribed naprosyn as needed for pain and followed up with an outside physical medicine and rehabilitation specialist, Dr. Joseph Bozzelle, Jr. Ms. Anupat saw Dr. Bozzelle six times from July 10, 2013 to December 11, 2013. Dr. Bozzelle prescribed tramadol for Ms. Anupat's pain and his notes reflect that Ms. Anupat experienced improvement of her symptoms over time. Dr. Bozzelle also noted that there was a causal link between her symptoms and injuries and the car accident. Throughout her visits to Dr. Bozzelle, Ms. Anupat reported lower back pain, right shoulder pain, and pain and numbness in her right arm. Ms. Anupat received six months of medical treatment for her injuries and incurred $12,757 in special damages.

After the car accident, the Anupat/Phaengphan family unit was disrupted by financial hardships related to the accident. Mr. Phaengphan was injured in the accident and was unable to work as a welder. Ms. Anupat was unable to care for her children and was unable to pick up her infant who was approximately one year old at the time of the accident. When Ms. Anupat's husband was no longer able to work because of his injuries, she sought employment as a cook at a Thai restaurant. Her employment notably aggravated her arm injury. Prior to the accident, Ms. Anupat was the primary caretaker for their children. The family's financial situation necessitated that Ms. Anupat seek employment outside of the home for the first time in order to provide for the family even though Ms. Anupat's pain was exacerbated by motion and the lifting required for her job.

As Ms. Anupat joined the workforce, she struggled to care for her children and provide for the family. Ms. Anupat's grandmother traveled from Thailand to stay with the family and to help her care for the children. Ms. Anupat worked for long hours and both Ms. Anupat's and Mr. Phaengphan's injuries prevented them from caring for the children without help. Ms. Anupat's grandmother returned to Thailand, and her mother came over from Thailand to help with childcare for six months after the accident. After six months, Ms. Anupat's mother needed to return to Thailand, but Ms. Anupat and Mr. Phaengphan still required help with childcare. Under these trying circumstances, the family sent the youngest child to live in Thailand with the maternal grandmother for two years. Ms. Anupat's physical limitations and the family's financial hardship were substantial. This trauma was further compounded by the emotional distress of sending her young child to live in another country.

3

III.

## STANDARDS OF REVIEW

Vast discretion is afforded to the trier of fact in fixing an award of general damages. La.Civ.Code art. 2324.1; *Menard v. Stroy*, 16-609 (La.App. 3 Cir. 12/21/16), 210 So.3d 302 (citing *Hollenbeck v. Oceaneering Int'l, Inc.*, 96-377 (La.App. 1 Cir. 11/8/96), 685 So.2d 163, *writ denied*, 97-493 (La.App. 1 Cir. 4/4/97), 692 So.2d 421). Accordingly, a damage award should not be disturbed by an appellate court absent an abuse of discretion. *Lewis v. Progressive Paloverde Ins. Co.*, 13-617 (La.App. 3 Cir. 11/6/13), 125 So.3d 581.

IV.

## LAW AND DISCUSSION

Ms. Anupat asserts that the award of general damages was below that which a reasonable trier of fact should have awarded based on her injuries. This appeal calls for a review of the trial court's award of general damages, which requires this court to look to "the individual circumstances of the case." *Lewis*, 125 So.3d at 583 (quoting *Plaissance v. McDonald*, 03-1043, p. 4 (La.App. 3 Cir. 2/4/04), 865 So.2d 1004, 1008, *writ denied*, 04-585 (La. 4/23/04), 870 So.2d 305). Here, Mr. Louviere contends that the jury awarded general damages of $3,000, which was $1,500 per week for a two-week injury. The record clearly establishes that Ms. Anupat had six months of injuries, not a two-week injury. While Ms. Anupat testified that her other pain resolved after two weeks, the medical evidence documented that her right arm pain and numbness continued thereafter and required medical attention.

4

Mr. Louviere argues that if this court reaches a different conclusion, the jury could have reasonably concluded that Ms. Anupat's injuries were from a subsequent accident. Although an assertion is made that a subsequent accident could have been interpreted by the jury as the cause for Ms. Anupat's right arm injury, the record is devoid of evidence that supports an intervening or contributing cause which would have altered the impact of the injury from the June accident, which preceded Ms. Anupat's subsequent car accident.

Mr. Louviere heavily emphasizes that trial testimony from Ms. Anupat could have left the jury with concerns about her credibility and, thus, the lower award was merited by the trier of fact's concerns about credibility. Mr. Louviere contends that Ms. Anupat's testimony about the resolution of her other symptoms after two weeks, and her husband's employment before and after the accident supported the jury's general damage award. A review of the record does not support a finding that a credibility issue existed from the testimony provided by Ms. Anupat at trial.

Mr. Louviere describes Ms. Anupat's injuries as mild and temporary, asserting that at trial Ms. Anupat testified that she was not moved around in the car upon impact during the collision and told a police officer and the other driver that everyone was okay. However, the record clearly established that Ms. Anupat had well-documented pain at the scene of the accident, in the ambulance, at the emergency room, and with the specialist for six months following the car accident.

Furthermore, Mr. Louviere contends that Ms. Anupat had no work restrictions and continued to work despite the fact that Ms. Anupat's injuries were exacerbated by her employment as a cook. Ms. Anupat only sought employment

for the first time to mitigate the financial burden on the family because her husband could no longer work as a welder after the car accident.

Mr. Louviere further contends that most of Ms. Anupat's medical expenses were incurred on the day of the accident. However, at issue before this court is the general damages award. This court has noted that "when reviewing an award of general damages for an abuse of discretion we must also focus on the total award." *Stewart v. Select Ins. Co.*, 93-666, p. __ (La.App. 3 Cir. 2/2/94), 631 So.2d 599, 601, *writ denied*, 94-545 (La. 4/22/94), 637 So.2d 159. Ms. Anupat had six months of follow-up visits with a specialist—well beyond medical expenses incurred in the emergency room solely on the date of the accident.

Ms. Anupat suffered emotionally from the accident because she was not able to care for her children and had to send her young child to Thailand. Consequently, she suffered beyond what Mr. Louviere refers to as a mild and temporary physical injury.

Following a finding that the trial court abused its discretion, this court looks to amend the award of general damages. This court noted in *Lewis v. Progressive Paloverde Ins. Co.*, that "[o]nly after an abuse of discretion is disclosed by an articulated analysis of the facts is an examination of prior awards in similar cases proper." *Lewis*, 125 So.3d at 583 (quoting *Plaissance*, 865 So.2d at 1008). This court has held that after a finding that the trial court abused its discretion, an appellate court may amend the award by "lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court." *Deligans v. Ace Am. Ins. Co.*, 11-1244, p. 3 (La.App. 3 Cir. 3/7/12), 86 So.3d 109, 112 (quoting *Wainwright v. Fontenot*, 00-492, p. 6 (La. 10/17/00), 774 So.2d 70, 74) (citations omitted).

6

In *Deligans*, this court affirmed the trial court's judgment in favor of a young mother involved in an auto accident which exacerbated her pre-existing TMJ, causing jaw pain, low back pain, shoulder pain, headaches, and neck pain. *Id*. We found that the trial court abused its discretion in its award of general damages for $9,000 for past physical pain and suffering, $3,000 for future physical pain and suffering, $9,000 for past mental pain and suffering, and $600 for future mental pain and suffering. *Id*. In *Deligans*, this court determined that the lowest amount the jury could have awarded the plaintiff for past physical pain and suffering was $20,000. We increased the award of $1,200 to $5,000 for future loss of enjoyment after concluding that the plaintiff could no longer participate in recreational activities with her children such as skiing, tubing, and fishing at their camp. *Id*. The trial testimony reflected the plaintiff saw a decrease in her quality of life and was unable to perform household chores and experienced a loss of enjoyment of her life with her husband and children. *Id*.

In *Edwards v. Geico Indemnity Co.*, 14-606 (La.App. 3 Cir. 3/8/15), 167 So.3d 957, this court reduced the award of damages from $30,000 to $15,000, finding that the trial court abused its discretion when the trial court awarded general damages to each plaintiff and one of the plaintiffs sought medical treatment for several months for lower back pain and right knee pain as well as tenderness in the lumbar and cervical spine regions. *Id*.

A review of the record in this case reveals that the trial court abused its discretion in awarding $3,000 in general damages to Ms. Anupat. Other similarly-situated plaintiffs received substantially higher general damages awards for loss of enjoyment of life, and for the inability to partake in recreational activities. We conclude that Ms. Anupat should receive $12,500 for the six months

7

of injuries, the lowest amount the trier of fact could have awarded Ms. Anupat based on the facts and circumstances of the case. Thus, we affirm the trial court's judgment in favor of Ms. Anupat but amend the trial court's award of general damages by increasing it to $12,500.

## V.

## <u>**CONCLUSION**</u>

Based upon the foregoing, we affirm the trial court's judgment in favor of Ms. Anupat but increase the general damages award from $3,000 to $12,500. All costs are assessed to the Defendants-Appellees.

**AFFIRMED AS AMENDED.**